# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARDEEP SHARMA,<br><br>                  Petitioner,<br><br>   v.<br><br>GREGORY J. ARCHAMBRAULT, *et al.*,<br><br>             Respondents. | Case No. 26-cv-00513-BAS-SBC<br><br>**ORDER:**<br><br>**(1) REQUIRING THE GOVERNMENT TO RESPOND TO PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1);**<br><br>**(2) GRANTING IN PART AND DENYING IN PART MOTION FOR ORDER TO SHOW CAUSE (ECF No. 2)**<br><br>**(3) SETTING BRIEFING SCHEDULE ON MOTION FOR INJUNCTIVE RELIEF (ECF No. 3); AND**<br><br>**(4) PROVIDING NOTICE UNDER RULE 65(a)(2)** |

On November 27, 2025, Petitioner Pardeep Sharma filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in Case No. 25-cv-03335-BAS-DDL. Petitioner claimed that he was being detained by Immigration and Customs Enforcement

26cv0513

without a bond determination in violation of 8 U.S.C. § 1226(a) and its associated regulations, as well as the Fifth Amendment. After briefing, on December 18, 2025, the Court granted the Petition. The Court ordered the Respondents to provide Petitioner with a bond hearing within fourteen days.

On January 27, 2026, Petitioner filed the present action, which again seeks relief under 28 U.S.C. § 2241. The Petition shows that an Immigration Judge denied bond in a written decision dated January 26, 2026. (Pet. Ex. E.) Petitioner argues the denial of bond in his circumstances violates the Due Process Clause. (*Id.* ¶¶ 53–60.)

In addition, Petitioner filed a Motion for Order to Show Cause. (ECF No. 2.) Petitioner asks the Court to require the Government to respond to the Petition within three days under the procedures set forth in 28 U.S.C. § 2243.

Further, Petitioner filed an *Ex Parte* Motion for Temporary Restraining Order ("Motion for Injunctive Relief"). (ECF No. 3.) Petitioner asks the Court to order his immediate release from ICE custody. (*Id.*)

Finally, on January 28, 2026, Petitioner filed a Supplemental Brief in support of his Petition and Motion for Injunctive Relief. (ECF No. 4.) Petitioner states his final asylum merits hearing is scheduled for February 3, 2026, and he again seeks immediate release. (*Id.*)

Having reviewed the Petition, the Court finds summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false."). Therefore, the Court will order the Government to respond to the Petition. However, to promote the uniform treatment of similarly situated Section 2241 petitions challenging immigration custody, the Court finds it appropriate to require the Government to respond to the Petition within seven days of the date of this Order.

Turning to the Motion for Injunctive Relief, the Court denies the *ex parte* request for a temporary restraining order. *See* Fed. R. Civ. P. 65(b). "While temporary restraining

26cv0513

orders may be heard in true *ex parte* fashion (i.e., without notice to an opposing party), the Court will do so only in extraordinary circumstances. The Court's strong preference is for the opposing party to be served and afforded a reasonable opportunity to file an opposition." Standing Order for Civil Cases § 9; *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974) (discussing *ex parte* temporary restraining orders and their "stringent restrictions"); *accord Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (same). Thus, the Court will instead consider the Motion for Injunctive Relief under Rule 65(a) and provide the Government with an opportunity to respond.

Finally, the Court provides notice to the parties that it intends to consolidate the Motion for Injunctive Relief with a determination on the merits under Rule 65(a)(2). *See* Fed. R. Civ. P. 65(a)(2); *see also Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (noting the court can invoke Rule 65(a)(2) by giving "clear and unambiguous notice").

Accordingly, the Court **ORDERS** as follows:

1. The Government must file a response to the Petition and the Motion for Injunctive Relief no later than **February 5, 2026**. The Government's response must address the allegations in the Petition and must include any documents relevant to the determination of the issues raised in the Petition.

2. Petitioner may file a reply in support of his Petition and the Motion for Injunctive Relief no later than **February 12, 2026**.

3. Given the Court's briefing schedule, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion for Order to Show Cause. (ECF No. 2.)

4. The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition (ECF No. 1), the Motion for Injunctive Relief (ECF No. 3), and this Order.

**IT IS SO ORDERED.**

**DATED: January 29, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv0513