**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PARDEEP SHARMA,<br><br>Petitioner,<br><br>v.<br><br>GREGORY J. ARCHAMBRAULT, *et al.*,<br><br>Respondents. | Case No. 26-cv-00513-BAS-SBC<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**<br><br>**(2) DENYING MOTION FOR INJUNCTIVE RELIEF (ECF No. 3)** |

## I.    INTRODUCTION

In a related petition under 28 U.S.C. § 2241, this Court granted a writ of habeas corpus and ordered the Government to provide Petitioner Pardeep Sharma with a bond hearing before an Immigration Judge. *See Sharma v. Casey*, No. 25-cv-03335-BAS-DDL (S.D. Cal. Dec. 18, 2025). The Government complied with this order, and on January 23, 2026, it provided Petitioner with that bond hearing. (Pet. ¶ 3, ECF No. 1.) The Immigration Judge denied bond, finding Petitioner was a flight risk. (*Id.*) Petitioner is currently appealing this decision to the Board of Immigration Appeals ("BIA").

- 1 -

26cv0513

Petitioner has now filed a second petition arguing the Immigration Judge misallocated the burden of proof, relied on incorrect credibility findings, ignored material evidence, and failed to consider less restrictive alternatives to detention.  (Pet. ¶ 4; ECF No. 1.)  Petitioner also filed an *ex parte* Motion for a Temporary Restraining Order seeking immediate release from custody.  (ECF No. 3.)  The Court denied the Motion for a Temporary Restraining Order but stated it would consolidate the request for injunctive relief with a determination on the merits.  (ECF No. 6.)

The Government responded (ECF No. 8), and Petitioner filed a Traverse (ECF No. 9).  For the reasons stated below, the Court agrees with the Government that Petitioner has failed to exhaust his administrative remedies, and thus the Petition is **DENIED WITHOUT PREJUDICE**.

## II.    ANALYSIS

A noncitizen facing immigration proceedings is required to exhaust his administrative remedies by appealing to the BIA before seeking habeas review of an Immigration Judge's adverse bond determination.  *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011).  Although such exhaustion is prudential, as opposed to mandatory, exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."  *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).  "Exhaustion concerns apply with particular force when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise."  *Id.* (citing *McKart v. United States*, 395 U.S. 185, 194 (1969)).

When exhaustion is prudential, "the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court."  *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1991), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55 (1995).  Courts "have recognized at least three broad sets of circumstances in which the interests of

26cv0513

the individual weigh heavily against requiring administrative exhaustion." *McCarthy*, 503 U.S. at 146.  These circumstances are:

(1) where the petitioner would suffer undue prejudice if required to exhaust administrative remedies—for example, if the petitioner faces an unreasonable or indefinite time frame for administrative action;

(2) when there is some doubt as to whether the agency is empowered to grant effective relief; and

(3) when the "administrative body is shown to be biased or has otherwise predetermined the issue before it" such that exhaustion would be futile.  *Id.* at 146–47.

In this case, Petitioner's appeal of his bond determination is pending before the BIA. The BIA clearly is empowered to reverse the Immigration Judge's determinations, including all of the errors Petitioner now alleges were made by the Immigration Judge. Exhaustion would protect administrative authority and promote judicial efficiency. Release on bond falls within the agency's discretionary power and falls within its special expertise.  There is no evidence that the BIA appeal would not proceed in a timely fashion.

Instead, Petitioner first argues the Court should waive exhaustion because the agency already failed to provide the constitutionally required cure ordered by this Court.  (ECF No. 9.)  The Court disagrees.  The agency followed the Court's order and provided Petitioner with the ordered bond hearing.  Second, Petitioner argues that the BIA lacks authority to enforce this Court's habeas order or provide equitable habeas relief.  Again, the Court disagrees.  The BIA has the authority to determine whether the Immigration Judge correctly applied the law to the facts in determining whether Petitioner should or should not be released.

Finally, Petitioner argues that exhaustion would be futile and ineffective because the agency has purged and transformed the BIA to the point where it no longer operates as a true appellate process but instead simply rubber stamps the Government's position.  (ECF No. 9.) Although Petitioner presents some compelling statistics, the Court is not prepared

26cv0513

to find that appeal to any BIA judge is necessarily futile.  Hence, the Court declines to waive exhaustion.

## III.   CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** the Petition (ECF No. 1) and **DENIES** the Motion for Injunctive Relief (ECF No. 3).  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: February 11, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv0513